Anchun Jean Su (State Bar No. 285167)
CENTER FOR BIOLOGICAL DIVERSITY
1212 Broadway, Suite 800
Oakland, CA 94612
T: (510) 844-7100; F: (510) 844-7150
jsu@biologicaldiversity.org

Brian Segee (State Bar No. 200795)
CENTER FOR BIOLOGICAL DIVERSITY
111 W. Topa Topa Street
Ojai, CA 93023
T: (805) 750-8852
bsegee@biologicaldiversity.org

John Peter Rose (State Bar No. 285819)
CENTER FOR BIOLOGICAL DIVERSITY
660 South Figueroa Street, Suite 1000
Los Angeles, CA 90017
jrose@biologicaldiversity.org

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, | Case No.:  **'17 CV 1215 GPC WVG** |
| Plaintiff, | |
| v. | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| U.S. DEPARTMENT OF HOMELAND SECURITY and U.S. CUSTOMS AND BORDER PROTECTION, | (Freedom of Information Act, 5 U.S.C. §552) |
| Defendants. | |

1

2

**<u>INTRODUCTION</u>**

3      1.     Plaintiff Center for Biological Diversity ("the Center")—an environmental

4   conservation organization that works to protect native wildlife species and their

5   habitats—challenges the failure of the U.S. Department of Homeland Security ("DHS")

6   and U.S. Customs and Border Protection ("CBP" and, collectively with DHS, "the

7   Agencies") to provide records of environmental analysis and compliance with other

8   applicable laws prepared for the construction of prototypes for the U.S.-Mexico border

9   wall ("Border Wall"), in violation of the Freedom of Information Act, 5 U.S.C. § 552,

10   *as amended* ("FOIA"), or alternatively, the Administrative Procedure Act, 5 U.S.C. §§

11   701-06 ("APA").

12     2.     On January 25, 2017, President Donald J. Trump issued Executive Order

13   No. 13767, entitled "Border Security and Immigration Enforcement Improvement"

14   ("Executive Order"),  which directed DHS to construct a "secure, contiguous, and

15   impassable physical barrier" along the entirety of the nearly 2,000 mile-long U.S.-

16   Mexico border.  The Executive Order defined "wall" to mean "a contiguous, physical

17   wall or similarly secure, contiguous, and impassable physical barrier."

18     3.     On February 17, 2017, DHS Secretary John Kelly issued a memorandum

19   regarding "Implementing the President's Border Security and Immigration Enforcement

20   Improvements Policies" ("Kelly Memorandum"), which directed CBP, a component

21   agency of DHS, to "immediately begin planning, design, construction, and maintenance

22   of a wall, including the attendant lighting, technology (including sensors), as well as

23   patrol and access roads, along the land border with Mexico in accordance with existing

24   law . . . ."  Further, the Kelly Memorandum directed the DHS Undersecretary for

25   Management, in consultation with CBP, to "immediately identify and allocate all

26   sources of available funding for the planning, design, construction, and maintenance of

27   a wall . . . ."

28

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1
2
3
4
5

4.      In accordance with the Executive Order and the Kelly Memorandum, on March 17, 2017, DHS released two Requests for Proposals ("RFPs")—one for a "Solid Concrete Border Wall Prototype" and the second for an "Other Border Wall Prototype"—which provided that prototype designs must meet thresholds of 30 feet in height and at least 6 feet below the ground.[1]

6
7
8
9
10
11
12

5.      According to the RFPs, the Border Wall prototype construction will take place at "a location in San Diego, California, as determined by the Government."  The Agencies have provided information and tours to select media outlets depicting the construction area to be on federally-owned land in San Diego, California, within the vicinity of Otay Mesa near the base of the Otay Mountain Wilderness and the eastern terminus of the approximately 14-mile long, westernmost segment of the current Border Wall beginning at the Pacific Ocean.[2]

13
14
15
16
17
18

6.      The Otay Mesa area, where the presumed Border Wall prototype construction will take place, is of high environmental and natural resources value.  It contains several vernal pools and designated critical habitat for numerous listed threatened and endangered species, including the Quino checkerspot butterfly and San Diego fairy shrimp, as well as habitat for non-listed sensitive and rare species, such as the burrowing owl.

19
20
21
22
23
24

[1] *Solid Concrete Border Wall RFP*, DEPARTMENT OF HOMELAND SECURITY, dated Mar. 17, 2017, *available at*: https://www.fbo.gov/index?s=opportunity&mode=form &tab=core&id=daeee003143839cf4c8cd684694812ef&_cview=0; *Other Border Wall Prototype RFP*, DEPARTMENT OF HOMELAND SECURITY, dated Mar. 17, 2017, *available at*: https://www.fbo.gov/index?s=opportunity&mode=form&id=c 0cce0b2ef8d297b22dc251ea14c60d1&tab=core&_cview=0 ("RFP").

25
26
27

[2] *See*, *e.g.*, CBS8.com, *The Border Wall: First Video of Otay Mountain Prototype Location*, April 28, 2017, *available at*: http://www.cbs8.com/story/35282531/the-border-wall-first-video-of-otay-mountain-prototype-location.

28

3

7.      On May 12, 2017, CBP completed a Phase 1 evaluation of submitted proposals and notified finalists to submit Phase 2 proposals by the end of May 2017. CBP is expected to award prototype contracts to approximately 20 bidding companies by mid-June 2017, and winning bidders are expected to commence and complete prototype construction by late summer 2017.[3]   The RFPs specified that DHS "will be responsible for any legally required environmental impact studies or environmental compliance" with respect to the Border Wall prototype construction.[4]

8.      The Center filed two requests, one with DHS and one with CBP, pursuant to FOIA seeking records pertaining to any environmental analysis or other compliance documents prepared for the prototype Border Wall construction as part of the RFP process ("the FOIA Requests").

9.      Although the Agencies each acknowledged their respective FOIA Request submitted by the Center, they each have failed to provide any responsive records or stated when they might do so.

10.      The Agencies are unlawfully withholding the records by failing to search for and provide all responsive records to the Center.  The Agencies' failure to search for and release all records related to environmental and other legal compliance records with respect to the Border Wall prototype construction is contrary to FOIA and undermines FOIA's policy of government transparency.

---

[3] U.S. SENATE COMMITTEE ON HOMELAND SECURITY & GOVERNMENTAL AFFAIRS, U.S. Senate Report: Wall Costs Could Soar Toward $70 Billion (April 18, 2017), https://www.hsgac.senate.gov/border-wall-report; *see also* United States Cong. House. Committee on Appropriations. *Hearing on Customs and Border Protection & Immigration Budget. June 13, 2017.* 115th Cong. 1st sess. Washington: GPO, 2017 (statement of Carla Provost, U.S. Border Patrol Acting Chief, U.S. Customs and Border Protection).

[4] *See* RFP, Amendment 4, at 2.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

11.     Because prompt access to these records is necessary to effectuate FOIA's purpose, the Center seeks declaratory relief establishing that the Agencies are in violation of FOIA, or alternatively, the APA.  The Center also seeks injunctive relief directing the Agencies to provide the Center with responsive records without any further delay.

## JURISDICTION AND VENUE

12.     This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because this action arises under FOIA, the APA, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

13.     Venue properly vests in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), which provides venue for FOIA cases in this district, because a portion of the responsive records may be found in this district.

14.     Declaratory relief is appropriate under 28 U.S.C. § 2201.

15.     Injunctive relief is appropriate under 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

16.     Plaintiff CENTER FOR BIOLOGICAL DIVERSITY is a national, non-profit conservation organization with offices throughout the United States.  The Center has more than 58,000 members.  The Center and its members are harmed by both Agencies' violations of FOIA, or alternatively the APA, as such violations preclude the Center from gaining a full understanding of the activities, decisions, priorities, and communications related to the Border Wall.

17.     Defendant U.S. DEPARTMENT OF HOMELAND SECURITY ("DHS") is an agency within the executive branch of the U.S. government.  DHS is responsible for ensuring border security along the U.S.-Mexico border in accordance with applicable legal requirements, including the National Environmental Policy Act and the Endangered Species Act.  DHS is in possession and control of the records that the Center seeks, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f).

18.    Defendant U.S. CUSTOMS AND BORDER PROTECTION ("CBP") is an agency within DHS of the executive branch of the U.S. government.  CBP is responsible for ensuring border security along the U.S.-Mexico border in accordance with applicable legal requirements, including the National Environmental Policy Act and the Endangered Species Act.  CBP is in possession and control of the records that the Center seeks, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f).

## STATUTORY BACKGROUND

19.    FOIA's basic purpose is government transparency.  It establishes the public's right to access all federal agency records unless such records may be withheld pursuant to one of nine, narrowly construed FOIA exemptions.  5 U.S.C. § 552(b)(1)-(9).

20.    FOIA imposes strict and rigorous deadlines on federal agencies when they receive a request for records pursuant to FOIA.  Specifically, an agency must determine whether to disclose responsive records and notify the requester of its determination within 20 working days of receiving a FOIA request, and it must make records "promptly" available, unless it can establish that certain unusual circumstances are present and/or that it may lawfully withhold records, or portions thereof, from disclosure.  *Id.* § 552(a)(3)(A), (a)(6).  Also within 20 working days, the agency must inform the requester that it has a right to appeal the agency's determination.  *Id.* § 552(a)(6)(A)(i).

21.    FOIA places the burden on the agency to prove that it may withhold responsive records from a requester.  *Id.* § 552(a)(4)(B).

22.    Congress has specified limited circumstances in which federal agencies may obtain more time to make the determination that is required by 5 U.S.C. § 552(a)(6)(A)(i).

23.    First, an agency may toll the 20-working-day deadline to seek additional information or clarification from a requester, but that tolling period ends when the agency receives such information or clarification.  *Id.* § 552(a)(6)(A).

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

24.     Second, an agency may extend the 20-working-day deadline for an additional 10 working days by giving a written notice to the requester that sets forth "unusual circumstances" to justify a deadline extension, which also requires that it provide the date by which the agency expects to make the determination. *Id.* § 552(a)(6)(B)(i).  However, to invoke such "unusual circumstances," the agency must provide the requester with "an opportunity to limit the scope of the request so that it may be processed within [20 working days] or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." *Id.* § 552(a)(6)(B)(ii).  In addition, when asserting unusual circumstances, the agency "shall make available its FOIA Public Liaison" to "assist in the resolution of any disputes between the requester and the agency." *Id.*

25.     FOIA requires each agency to make reasonable efforts to search for records in a manner that is reasonably calculated to locate all records that are responsive to the FOIA request. *Id.* § 552(a)(3)(C)-(D).

26.     FOIA requires federal agencies to expeditiously disclose requested records, *see id.* § 552, and mandates a policy of broad disclosure of government records.  Any inquiry under FOIA brings with it a strong presumption in favor of disclosure.

27.     Congress recognized that in certain, limited instances, records may be withheld as exempt from FOIA's broad disclosure mandate, and thus it created nine categories of exemptions. *Id.* § 552(b).  These exemptions, however, are narrowly construed in light of FOIA's dominant objective of disclosure, not secrecy.

28.     The U.S. district courts have jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.* § 552(a)(4)(B).

29.     Alternatively, an agency's response to a FOIA request is subject to judicial review under the APA, which confers a right of judicial review on any person who is adversely affected by an agency action, 5 U.S.C. § 702, and authorizes district courts to compel agency action that is unlawfully withheld or unreasonably delayed. *Id.* §

7

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

706(1). District courts must set aside any agency action that is found to be "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law." *Id.* § 706(2)(A).

## **FACTUAL BACKGROUND**

### DHS FOIA REQUEST

30.     On May 2, 2017, the Center submitted via email a FOIA request to DHS for the following information:

> 1. All National Environmental Policy Act, 42 U.S.C. §§ 4321-4370h ("NEPA") environmental impact statements, environmental assessments, categorical exclusions, and/or other NEPA analysis prepared for "prototype" border wall construction as part of the border wall request for proposal ("RFP") process. These prototypes will reportedly be constructed on federal land in San Diego County;
>
> 2. All other environmental analysis and/or compliance records prepared for prototype border wall construction, including but not limited to analysis conducted pursuant to the Endangered Species Act, 16 U.S.C. §§ 1531-1544 ("ESA"), Clean Water Act, 33 U.S.C. §§ 1251-1387 ("CWA"), and Coastal Zone Management Act, 16 U.S.C. 22 ("CZMA"); and
>
> 3. All inter- and intra-agency correspondence records mentioning, referencing and/or including reference to compliance with environmental and/or all other applicable laws relevant to prototype border wall construction.

31.     In response, on May 2, 2017, DHS acknowledged the Center's request and assigned it tracking number 2017-HQFO-00717 ("the DHS FOIA Request"). DHS also invoked a 10-working-day extension pursuant to 5 U.S.C. § 552(a)(6)(B)(i) due to DHS's claim that the DHS FOIA Request "seeks documents that will require a thorough and wide-ranging search."

32.     A determination on the DHS FOIA Request was due by June 14, 2017, which is 30 working days after DHS's acknowledgement of the DHS FOIA Request.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

33.     As of the date of the filing of this complaint, which is past the 30-working-day deadline, DHS has not requested additional time to respond, provided any responsive records, or provided a determination in response to the DHS FOIA Request.

34.     None of FOIA's nine exemptions to the statute's disclosure mandate apply to the records that are responsive to the DHS FOIA Request. *Id.* § 552(b).

35.     The Center has been required to expend resources to prosecute this action.

CBP FOIA REQUEST

36.     On May 2, 2017, the Center submitted via email a FOIA request to CBP for the following records:

> 1. All National Environmental Policy Act, 42 U.S.C. §§ 4321-4370h ("NEPA") environmental impact statements, environmental assessments, categorical exclusions, and/or other NEPA analysis prepared for "prototype" border wall construction as part of the border wall request for proposal ("RFP") process. These prototypes will reportedly be constructed on federal land in San Diego County;
>
> 2. All other environmental analysis and/or compliance records prepared for prototype border wall construction, including but not limited to analysis conducted pursuant to the Endangered Species Act, 16 U.S.C. §§ 1531-1544 ("ESA"), Clean Water Act, 33 U.S.C. §§ 1251-1387 ("CWA"), and Coastal Zone Management Act, 16 U.S.C. 22 ("CZMA"); and
>
> 3. All inter- and intra-agency correspondence records mentioning, referencing and/or including reference to compliance with environmental and/or all other applicable laws relevant to prototype border wall construction.

37.     In response, on May 2, 2017, CBP acknowledged the Center's request and assigned it the tracking number CBP-2017-053692 ("the CBP FOIA Request"). On May 3, 2017, CBP sent the Center an automated notice stating that the "average time to process a FOIA request related to 'travel/border incidents' is a minimum of 3-6

9
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

months."  The notice failed to provide any completion date by which CBP is to provide the requested records.

38.    A determination on the CBP FOIA Request was due by May 31, 2017, which is 20 working days after CBP's acknowledgement of the CBP FOIA Request.

39.    As of the date of the filing of this complaint, which is past the 20-working-day deadline, CBP has not requested additional time to respond, provided any responsive records, or provided a determination in response to the CBP FOIA Request.

40.    None of FOIA's nine exemptions to the statute's disclosure mandate apply to the records that are responsive to the CBP FOIA Request.  *Id.* § 552(b).

41.    The Center has been required to expend resources to prosecute this action.

## **FIRST CLAIM FOR RELIEF**

### VIOLATION OF THE FREEDOM OF INFORMATION ACT

### **The Agencies Have Failed to Comply with FOIA's Mandatory Determination Deadline**

42.    The Center re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

43.    The Agencies have violated FOIA by refusing to disclose records that are responsive to their respective FOIA Requests.

44.    The Center has a statutory right to a lawful final determination from the Agencies on the FOIA Requests in a manner that complies with FOIA.  The Agencies have violated the Center's rights in this regard by unlawfully delaying their responses beyond the deadlines that FOIA mandates.  5 U.S.C. § 552(a)(6)(A)(i).

45.    Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the Agencies in the foreseeable future.

46.    The Center's organizational activities will be adversely affected if the Agencies continue to violate FOIA's disclosure provisions as they have in this case.

47.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the Agencies will continue to violate the Center's rights to receive public records under FOIA.

## SECOND CLAIM FOR RELIEF

### VIOLATION OF THE FREEDOM OF INFORMATION ACT

**The Agencies Have Failed to Disclose All Responsive Records to the Center**

48.     The Center re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

49.     The Center has a statutory right to the records it seeks, and there is no legal basis for the Agencies to assert that any of FOIA's nine exemptions to mandatory disclosure apply to withhold these records from the Center. *See* 5 U.S.C. § 552(b)(1)-(9).

50.     The Agencies have violated the Center's rights in this regard by withholding records that are responsive to their respective FOIA Request.

51.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in the FOIA Requests in the foreseeable future.

52.     The Center's organizational activities will be adversely affected if the Agencies continue to violate FOIA's disclosure provisions as they have in this case.

53.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the Agencies will continue to violate the Center's rights to receive public records under FOIA.

## THIRD CLAIM FOR RELIEF

### VIOLATION OF THE FREEDOM OF INFORMATION ACT

**The Agencies Have Failed to Conduct an Adequate Search for Responsive Records to the FOIA Requests**

54.     The Center re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

55.     The Center has a statutory right to have the Agencies process the FOIA Requests in a manner that complies with FOIA.  5 U.S.C. § 552(a)(3).  The Agencies have violated the Center's rights in this regard when they unlawfully failed to undertake a search that is reasonably calculated to locate all records that are responsive to their respective FOIA Request.

56.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the Agencies in the foreseeable future.

57.     The Center's organizational activities will be adversely affected if the Agencies continue to violate FOIA's requirement to undertake a search that is reasonably calculated to locate records that are responsive to their respective FOIA Requests.

58.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the Agencies will continue to violate the Center's rights to receive public records under FOIA.

## FOURTH CLAIM FOR RELIEF

### VIOLATION OF THE FREEDOM OF INFORMATION ACT

### The Agencies Have Failed to Provide Reasonably Segregable Portions of Any Lawfully Exempt Records

59.     The Center re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

60.     The Center has a statutory right to any reasonably segregable portion of a record that contains information that is subject to any of FOIA's exemptions.  5 U.S.C. § 552(b).

61.     The Agencies violated the Center's rights in this regard by unlawfully withholding reasonably segregable portions of any lawfully exempt records that are responsive to their respective FOIA Request.

62.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the Agencies in the foreseeable future.

63.     The Center's organizational activities will be adversely affected if the Agencies are allowed to continue violating FOIA's disclosure provisions as they have in this case.

64.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the Agencies will continue to violate the Center's rights to receive public records under FOIA.

### FIFTH CLAIM FOR RELIEF

#### VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

**(In the Alternative to the First through Fourth Claims)**

**The Agencies Have Unlawfully Withheld or Unreasonably Delayed Actions that FOIA Requires**

65.     The Center re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

66.     The Agencies unlawfully withheld agency actions by failing to comply with the mandates of FOIA consequent to each Agency's failure and refusal to: (1) search for and disclose records that are responsive to the respective FOIA Request; (2) make a timely and lawful determination on the respective FOIA Request; (3) conduct a search that is reasonably calculated to locate all records that are responsive to the respective FOIA Request; (4) provide the Center with records that are responsive to the respective FOIA Request that may not be withheld pursuant to any of FOIA's narrowly construed exemptions to mandatory disclosure; and (5) provide the Center with reasonably segregable portions of records responsive to the respective FOIA Request which contains any material that may be lawfully withheld under an exemption(s).

67.     Alternatively, the Agencies unreasonably delayed agency actions by failing to comply with the mandates of FOIA consequent to each Agency's failure and refusal

to: (1) search for and disclose records that are responsive to the respective FOIA Request; (2) make a timely and lawful determination on the respective FOIA Request; (3) conduct a search that is reasonably calculated to locate all records that are responsive to the respective FOIA Request; (4) provide the Center with records that are responsive to the respective FOIA Request that may not be withheld pursuant to any of FOIA's narrowly construed exemptions to mandatory disclosure; and (5) provide the Center with reasonably segregable portions of records responsive to the respective FOIA Request which contains any material that may be lawfully withheld under an exemption(s).  The Agencies' failures constitute agency action unreasonably delayed and therefore actionable pursuant to the APA, 5 U.S.C. § 706(1).

68.    As alleged above, the Agencies' failure to comply with the mandates of FOIA has injured the Center's interests in public oversight of governmental operations and is in violation of each Agency's statutory duties under the APA.

69.    The Center has suffered a legal wrong as a result of the Agencies' failure to comply with the mandates of FOIA.  As alleged above, the Agencies violated their statutory duties under the APA and injured the Center's interests in public oversight of governmental operations.

70.    The Center has no other adequate remedy at law to redress the violations noted above.

71.    The Center is entitled to judicial review under the APA, 5 U.S.C. § 702.

## SIXTH CLAIM FOR RELIEF

### VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

**(In the Alternative to the First through Fourth Claims)**

**The Agencies' Violations of FOIA's Requirements Are Arbitrary, Capricious, an Abuse of Discretion, or Otherwise Not in Accordance with Law**

72.    The Center re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

73.     The Agencies violated FOIA's statutory mandates due to each Agency's failure and refusal to: (1) search for and disclose records that are responsive to the respective FOIA Request; (2) make a timely and lawful determination on the respective FOIA Request; (3) conduct a search that is reasonably calculated to locate all records that are responsive to the respective FOIA Request; (4) provide the Center with records that are responsive to the respective FOIA Request that may not be withheld pursuant to any of FOIA's narrowly construed exemptions to mandatory disclosure; and (5) provide the Center with reasonably segregable portions of records responsive to the respective FOIA Request which contains any material that may be lawfully withheld under an exemption(s).   By repeatedly violating FOIA's statutory mandates, the Agencies' actions are arbitrary, capricious, an abuse of discretion, or not in accordance with the law and therefore actionable pursuant to the APA, 5 U.S.C. § 706(2)(A).

74.     As alleged above, the Agencies' repeated failure to comply with the mandates of FOIA has injured the Center's interests in public oversight of governmental operations and is in violation of the Agencies' statutory duties under the APA.

75.     The Center has suffered a legal wrong as a result of the Agencies' failure to comply with the mandates of FOIA.  As alleged above, the Agencies violated their statutory duties under the APA and injured the Center's interests in public oversight of governmental operations.

76.     The Center has no other adequate remedy at law to redress the violations noted above.

77.     The Center is entitled to judicial review under the APA, 5 U.S.C. § 702.

### **PRAYER FOR RELIEF**

WHEREFORE, the Center prays that this Court:

1.     Order the Agencies to conduct searches that are reasonably calculated to locate all records responsive to the FOIA Requests, with the cut-off date for such searches being the date that the searches are conducted, and to provide the Center

without charge all responsive records and reasonably segregable portions of lawfully exempt records sought in this action by a reasonable date certain.

2.     Declare that the Agencies' failure to timely make determinations on the FOIA Requests is unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A), or in the alternative, is agency action that has been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or is arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2)(A).

3.     Declare that the Agencies' failure to properly apply FOIA exemptions, 5 U.S.C. § 552(b), is unlawful under FOIA, or in the alternative, is agency action that has been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or is arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2).

4.     Declare that the Agencies' failure to undertake a search for and disclose to the Center all records that are responsive to the FOIA Requests, as alleged above, are unlawful under FOIA, U.S.C. § 552(a)(6)(A)(i), or in the alternative, is agency action that has been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or is arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2).

5.     Declare that the Agencies' failure to provide the Center with reasonably segregable portions of records which may be lawfully subject to a FOIA exemption, as alleged above, is unlawful under FOIA, U.S.C. § 552(a)(7)(b), or in the alternative, is agency action that has been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or is arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2).

6.     Award the Center its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412.

7.     Grant such other and further relief as the Court may deem just and proper.

//

DATED: June 15, 2017                Respectfully submitted,


                                    */s/ Anchun Jean Su*

                                    Anchun Jean Su (State Bar No. 285167)
                                    CENTER FOR BIOLOGICAL DIVERSITY
                                    1212 Broadway, Suite 800
                                    Oakland, CA 94612
                                    T: (510) 844-7100; F: (510) 844-7150
                                    jsu@biologicaldiversity.org

                                    Brian Segee (State Bar No. 200795)
                                    CENTER FOR BIOLOGICAL DIVERSITY
                                    111 W. Topa Topa Street
                                    Ojai, CA 93023
                                    T: (805) 750-8852
                                    bsegee@biologicaldiversity.org

                                    John Peter Rose (State Bar No. 285819)
                                    CENTER FOR BIOLOGICAL DIVERSITY
                                    660 South Figueroa Street, Suite 1000
                                    Los Angeles, CA 90017
                                    jrose@biologicaldiversity.org

                                    *Attorneys for Plaintiff*

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF